UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHAARE SHAIBI,<br><br>Petitioner,<br><br>v.<br><br>GERALD JANDA, Warden,<br><br>Respondent. | NO. EDCV 13-907-GW (AGR)<br><br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

  Petitioner argues that the magistrate judge misconstrued Ground One as limited to the question of whether Petitioner was constitutionally entitled to a pretrial live lineup. Petitioner argues that he also raised the question of whether Cota's eyewitness identification should have been excluded as unduly suggestive. (Objections at 1-2.)

Even assuming Petitioner also intended to challenge admission of Cota's eyewitness identification,[1] Petitioner's claim is unexhausted because it was not raised before the California Supreme Court. The petition for review before that court raised the question of whether due process required that Petitioner be afforded a live lineup when he can show a reasonable likelihood of mistaken identification that a lineup would tend to resolve. (Lodged Document ("LD") 7 at 3.) Federal habeas relief is unavailable for an unexhausted ground. 28 U.S.C. § 2254(b)(1)(A).

Although unexhausted, the ground may be denied on the merits as it is "perfectly clear" that it is without merit. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). The Supreme Court has recognized "a due process check on the admission of eyewitness identification, applicable when the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime." *Perry v. New Hampshire*, 132 S. Ct. 716, 720, 181 L. Ed. 2d 694 (2012).[2] "[D]ue process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary." *Id.* at 724.

"An identification infected by improper police influence, our case law holds, is not automatically excluded. Instead, the trial judge must screen the evidence for reliability pretrial. If there is 'a very substantial likelihood of irreparable misidentification,' the judge must disallow presentation of the evidence at trial. But if the indicia of reliability are strong enough to outweigh the corrupting effect of the police-arranged suggestive circumstances, the identification evidence

---

[1] In Ground One, Petitioner argued that the trial court's denial of his motion for a live lineup deprived him of due process of law and a fair trial. (Petition at 5, 15.)

[2] The Court reviewed the line of cases starting with *Stovall v. Denno*, 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967). *Perry*, 132 S. Ct. at 724-26.

ordinarily will be admitted, and the jury will ultimately determine its worth." *Id.* at 720 (citing *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968)). The factors to be considered in evaluating a witness' ability to make an accurate identification include "'the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.'" *Id.* at 725 n.5 (citations omitted).

   The robbery occurred on February 15, 2004. (LD 2 at 209.) The eyewitness, Cota, was face-to-face with the robber for an appreciable amount of time. (LD 2 at 215-17.) She described the assailant as African-American with a do-rag on his head and a long black leather jacket. He was approximately 5'4" and 150 pounds. (LD 2 at 211, 213-14, 226, 246.) The arrest warrant prepared three weeks after the robbery indicates Petitioner was 5'7" and 185 pounds. (LD 6 at 12.)

   When Cota was shown a photographic six-pack on March 9, 2004, she picked out Petitioner's photograph almost immediately and was positive about her identification. (LD 2 at 248-49.) Petitioner argues he was the only person in the six-pack wearing a black leather jacket with a pointed collar. (Objections at 4.) At trial, defense counsel moved to exclude the identification and argued Petitioner was the only person in the six-pack wearing a black leather jacket. (LD 2 at 111-12.) The trial court denied the motion and found that the six-pack was constitutional. (*Id.* at 119.) Petitioner's photo was apparently taken on January 4, 2004 when he was released on parole. (*Id.* at 115.) The court correctly found that the only part of the jacket visible in the photo used in the six-pack was a

3

portion of the collar. Two other photos showed similar collared shirts.[3] (*Id.* at 116, 142; *see* LD 1 at 19.) All of the photos were of relatively light-skinned African-Americans. (LD 2 117, 268-70; LD 1 at 19.)

Petitioner argues that Cota's subsequent identification at the preliminary hearing on May 6, 2004 was unduly suggestive because he was the only person in the courtroom dressed in orange and in chains. (Objections at 2-3.) Cota testified at trial that she had identified Petitioner at the preliminary hearing. Defense counsel had asked her to step down and come within feet of Petitioner at the hearing, and Cota was certain Petitioner was the robber. (LD 2 at 222-23.) Cota testified at the hearing that the gun did not prevent her from seeing the robber's face when he came into the inn and asked for the money because she was able to see both the gun and his face. (LD 1 at 40.) When he later asked for her purse and jewelry, she was mainly focused on the gun at her face. (*Id.* at 42.) On cross examination, Cota acknowledged that Petitioner was the only person in the courtroom wearing orange and in chains. (*Id.* at 55-56.) Cota estimated Petitioner's weight at the hearing to be 165 or 170 pounds. (*Id.* at 57.) At counsel's direction, Cota stepped down and walked to within two feet of Petitioner. Cota identified him as the robber. (*Id.* at 63, 74.)

There are sufficient indicia of reliability supporting admissibility of the identification. *E.g.*, *Manson v. Brathwaite*, 432 U.S. 98, 114-15, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977) (witness viewed perpetrator two or three minutes, described him fairly accurately, identified perpetrator in lineup days later and certain of identification). It was the jury's province to weigh the credibility and reliability of the eyewitness evidence, which was the subject of cross-

---

[3] Both counsel agreed that the jacket in the photo was not the same jacket worn during the robbery. (LD 2 at 116.) Cota testified at the preliminary hearing that she had never been shown the robber's jacket with anyone wearing it. (LD 1 at 51.)

4

examination. *Watkins v. Sowders*, 449 U.S. 341, 347, 101 S. Ct. 654, 66 L. Ed. 2d 549 (1981) ("duty of a jury in cases in which identification evidence has been admitted will often be to assess the reliability of that evidence"). Defense counsel cross examined both Cota and the officer who assisted in putting the photographic six-pack together, called an expert witness on eyewitness identification, and argued to the jury that the eyewitness identification was faulty. (LD 2 at 223-27, 263-65, 271-73, 330-403, 450-54; *see Simmons*, 390 U.S. at 384 (potential misidentification "may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error"); *see Watkins*, 449 U.S. at 384 (counsel may cross-examine identification witness and argue factors, such as suggestibility, that raise doubts as to accuracy of identification). The court instructed the jury as to evaluation of identification evidence. (*Id.* at 484-85); *see Perry*, 132 S. Ct. at 730 (noting safeguards of cross examination and jury instructions on witness identification).

 Petitioner's remaining objections are without merit.

 IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: February 3, 2016

            GEORGE H. WU
            United States District Judge